# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO WITHDRAW** |
| | ) | **PLEA OF GUILTY** |
| vs. | ) | |
| | ) | |
| Jimmy Dale Price, | ) | |
| | ) | Case No. 4:15-cr-122 |
| Defendant. | ) | |

Before the Court is the Defendant's pro se "Motion to Withdraw Plea of Guilty" filed on July 28, 2017. See Docket No. 618. The Government filed a response in opposition to the motion on August 10, 2017. See Docket No. 625. For the reasons set forth below, the motion is denied.

On April 14, 2016, the Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine (500 grams or more) in violation of 21 U.S.C. § 846. See Docket Nos. 365 and 366. A Presentence Investigation Report was filed on July 1, 2016. See Docket No. 428. More than a year after entering his plea of guilty, the Defendant now seeks to withdraw his guilty plea because his constitutional rights were allegedly violated at the change of plea hearing. See Docket No. 619. The Defendant also references newly discovered exculpatory evidence and diminished capacity. However, he provides no explanation or discussion of the newly discovered evidence or evidence of diminished capacity. The Court finds these contentions wholly unsubstantiated.

"A guilty plea may be withdrawn before sentencing if the defendant demonstrates a 'fair and just reason' for the withdrawal." United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006) (citing Fed. R. Crim. P. 11(d)(2)(B)). A district court may also consider whether the defendant

1

asserts innocence to the charges, the amount of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government. United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009). However, a district court need not address the remaining considerations if the defendant fails to show a fair and just reason for withdrawing his plea. Id.

At the change of plea hearing on April 14, 2016, the following discussions occurred between the Court and the Defendant:

> THE COURT: All right. So, Mr. Price, I need to visit with you here on the record about your intention to plead guilty to this particular crime. If you have any questions, sir, or if you don't understand anything that we talk about this afternoon, you're more than welcome to interrupt me and ask questions at any time.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I know absolutely nothing about you, sir. All I have in my file is the Indictment and the Plea Agreement and the Plea Agreement Supplement. I know nothing of your criminal history. I know nothing about your involvement in this particular case, so I'll need to ask you a few questions about that. But with respect to your background, how old are you, sir, and where you lived most of your adult life?
>
> THE DEFENDANT: I'm 43 years old, and the majority of my life I've lived in Texas, until roughly eight years ago.
>
> THE COURT: Are you a high school graduate?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Any schooling beyond high school?
>
> THE DEFENDANT: Some community college courses, different certifications through FEMA and the Corps of Engineers.

See Docket No. 638, pp. 5-6.

> THE COURT: And with respect to your appearance here today, are you in good physical health and mental health today, sir?
>
> THE DEFENDANT: Yes, sir, I am.

THE COURT: And do you feel that you've had sufficient time to review this case and the charge brought against you with your court-appointed counsel, Mr. Johnson?

THE DEFENDANT: Yes, sir, I do.

THE COURT: And do you feel that you've had a sufficient amount of time to review the Plea Agreement with him as well?

THE DEFENDANT: Yes, sir, I do.

THE COURT: All right. If you could turn to paragraph 7 of the Plea Agreement, on page 4, one of the items that I need to cover with you is to make sure that you are aware of what the maximum penalties are for this offense, and those are outlined in paragraph 7 of the Plea Agreement. This particular offense, a drug conspiracy charge involving 500 or more grams of methamphetamine, is a felony offense. It carries a maximum of life in prison, $10 million fine, placement on federal supervision for a minimum of 5 years, and the payment of a special assessment of $100. Do you have any questions about those maximum penalties?

THE DEFENDANT: No, sir, I do not.

THE COURT: And this particular offense, in the wisdom of Congress, they have determined that based on the quantities, it carries a ten-year mandatory minimum sentence. Were you aware of that?

THE DEFENDANT: Yes, sir, Mr. Johnson has made me aware of that, and so has the magistrate at the --

THE COURT: All right. Paragraph 8 of the Plea Agreement outlines what your rights are as a defendant having been charged with this crime in federal court. The most important right that you have is the right to contest this charge and the right to demand a jury trial. Every defendant charged in federal court with a crime is entitled to have the case presented to a jury of 12 persons selected by both attorneys and to leave it in the hands of those 12 jurors to decide whether you are guilty or not guilty of the essential elements of this crime. Do you understand that you're entitled to a jury trial?

THE DEFENDANT: Yes, sir, I do.

THE COURT: But you're also entitled to plead guilty, and in the federal criminal justice system, year after year as long as I've been here, somewhere in the range of 95 to 96 percent of all criminal cases are resolved by defendants signing plea agreements and entering pleas of guilty. When you make the decision to follow that route, what you need to know is that you give up some very important rights.

And first and foremost, you are giving up your right to a jury trial by entering a plea of guilty this afternoon. Do you understand that?

THE DEFENDANT: Yes, sir, I do.

THE COURT: All right. And as a result of the Plea Agreement that you've signed, there's a specific paragraph that I'll cover with you in a few minutes in which you have also agreed to give up your appeal rights as long as I sentence you in conformance with the Plea Agreement. Do you understand that you're giving that up as well?

THE DEFENDANT: Yes, sir.

THE COURT: And in making the decision to enter a plea of guilty here, Mr. Price, do you feel that anyone has threatened you or intimidated you in some form or fashion to get you to come into court this afternoon to plead guilty?

THE DEFENDANT: No, sir, I do not.

THE COURT: Is the decision to plead guilty one that you have made on your own, with the assistance of your counsel?

THE DEFENDANT: Under the recommend -- under the recommendation of my counsel I have, yes, sir.

See Docket No. 638, pp. 9-12.

    THE COURT: Very well. Mr. Price, do you have any questions?

    THE DEFENDANT: No, sir, I do not.

    THE COURT: So I'm simply going to ask you how you plead to Count 1 of the Indictment, sir. But before I ask you that, are there any concerns that you want to raise or questions that you have about anything we've talked about?

    THE DEFENDANT: No, sir.

    THE COURT: And I can read you the entire charge if you wish, Mr. Price, or I can summarize it for you if you agree to waive the entire reading.

    THE DEFENDANT: I don't believe it's necessary for you to read it, Your Honor.

    THE COURT: All right. So you've been charged in the Indictment, sir, with a -- in Count 1 with a crime that's called conspiracy to distribute and possess with intent to distribute methamphetamine. How do you wish to plead to that charge, sir, guilty or not guilty?

4

> THE DEFENDANT: Guilty.
>
> THE COURT: The Court accepts your plea of guilty, Mr. Price. I find that you are a competent gentleman who understands what he's been charged with in federal court and what the maximum penalties are. I find that you've entered a knowing and voluntary plea, with the assistance of your attorney. I also find there are sufficient facts that you have agreed to here as set forth in the Plea Agreement that support finding you guilty of this offense, as required under Rule 11, so I accept your plea under the circumstances.

See Docket No. 638, pp. 21-22.

As these passages reveal, the Court specifically found at the change of plea hearing that the Defendant was competent; that he clearly and fully understood the charges against him; he had the assistance of competent counsel; and that he entered a knowing and voluntary plea of guilty to the charge. The change of plea hearing was conducted in full compliance with Rule 11 of the Federal Rules of Criminal Procedure. The Defendant agreed with the factual statements contained in the plea agreement. The plea agreement provided a substantial benefit to the Defendant. The Court finds that Defendant has wholly failed to satisfy the burden of demonstrating a "fair and just" reason for withdrawal of his plea of guilty.

A careful review of the transcript of the change of plea hearing clearly reveals no valid reason to allow the Defendant to withdraw his plea. For the reasons set forth above, the Defendant's motion to withdraw his plea (Docket No. 618) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2017.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court